ASHLEY M. KOLEY, CA Bar No. 334723
  akoley@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KADIE M. JELENCHICK (*Pro Hac Vice to be filed*)
WI Bar No. 1056506
  kjelenchick@foley.com
**FOLEY & LARDNER LLP**
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202
TELEPHONE: 414.271.2400
FACSIMILE: 414.297.4900

*Attorneys for Plaintiff Woodway USA, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Woodway USA, Inc.,<br><br>                  Plaintiff,<br><br>vs.<br><br>LifeCORE Fitness, LLC d/b/a Assault Fitness,<br><br>                  Defendant. | Case No. **'24CV1936 AGS AHG**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed: October 18, 2024 |

Complaint

4853-3545-6492.4

Woodway USA, Inc. ("Woodway"), by and for its Complaint against LifeCore Fitness, LLC ("LifeCore") d/b/a Assault Fitness (collectively, "Defendant"), alleges as follows:

## THE PARTIES

1. Woodway is a company organized and existing under the laws of the State of Wisconsin with a principal place of business located at W229 N591 Foster Court, Waukesha, Wisconsin 53186. Woodway is a family-owned company that has been a market leader in manufacturing and selling fitness, health, and rehabilitation equipment, including treadmills, for more than thirty years.

2. Woodway is informed and believes that Defendant is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 5803 Newton Drive, Suite B, Carlsbad, California 92008. Upon information and belief, Assault Fitness is a tradename/assumed name of LifeCore. Defendant is a direct competitor of Woodway.

## JURISDICTION AND VENUE

3. Woodway asserts violations of the Lanham Act, 15 U.S.C. § 1051 *et seq*., and related state law claims. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

4. This Court has personal jurisdiction over Defendant in that, at all times pertinent hereto, upon information and belief, Defendant's principal place of business lies in this District, Defendant has systematic activities in this District, and Defendant has engaged and is currently engaging in the complained-of activities in this District.

5. Venue properly lies in this District pursuant to 28 U.S.C. § 1391 because, at a minimum, Defendant has a regular and established place of business in this District and has engaged and is currently engaging in the complained-of activities in this District.

# FACTUAL BACKGROUND

6. Among other products, Woodway designs, manufactures, and sells non-motorized exercise treadmills with an arcuate running surface under the trademark CURVE in and throughout the United States.

7. Since Woodway introduced the CURVE treadmill in 2009, Woodway has introduced and continues to offer various models and sizes of the CURVE treadmill, including, among others, the CURVE XL, CURVE LTG, CURVE 3, and CURVE TRAINER (collectively, the "CURVE Treadmills"). Woodway's CURVE Treadmills complement Woodway's other lines of motorized and non-motorized treadmills and fitness products.

8. Woodway has certain patents that protect its innovative CURVE Treadmills. On April 11, 2022, in this District, Woodway sued LifeCORE Fitness, Inc., which in or around April 19, 2023 was converted into Defendant, LifeCORE Fitness, LLC, for infringement of certain of the Woodway patents. *See Woodway USA, Inc. v. LifeCORE Fitness, Inc. d/b/a Assault Fitness*, Case No. 3:22-cv-00492-JO-BLM. Woodway alleges that LifeCORE imports, sells, and offers for sale deeply discounted copycats of Woodway's CURVE Treadmills, which practice Woodway's patented inventions and infringe several Woodway patents.

### *The Trademark*

9. Woodway is the owner of all right, title, and interest in and to the trademark FOR THE LONG RUN (the "Woodway Mark"), registered on the Principal Register in the United States Patent and Trademark Office ("USPTO") as Registration No. 1,935,485, covering "exercise treadmills" in Class 28. The USPTO granted registration to the Woodway Mark on November 14, 1995, and the registration achieved "incontestable" status under 15 U.S.C. § 1065 on December 17, 2001. A true and correct copy of Registration No. 1,935,485 is attached hereto as **Exhibit A**.

10. Since at least as early as December 20, 1993, Woodway has continuously used the Woodway Mark in connection with its fitness products as a core part of its advertising

strategy. Representative examples of these advertisements—dated 2005, 2015, and 2023—are attached hereto as **Exhibit B**.

11. Woodway's U.S. registration for the Woodway Mark constitutes *prima facie* evidence that the Woodway Mark is valid and that Woodway is entitled to the exclusive use of the Woodway Mark in commerce throughout the United States in connection with exercise treadmills.

### *The Energy Claim*

12. Since at least as early as 2010, Woodway's CURVE Treadmills have been featured in various scientific and academic reports, studies, and publications intended, upon information and belief, to demonstrate, measure, and assess the health or physiological benefits of the use of non-motorized treadmills. Such reports, studies, and publications include, but are not limited to, the following (collectively, the "CURVE Studies"):

- Ann C. Snyder, Nathan Weiland, Chris Myatt, Joe Bednarek & Kelly Reynolds, *Energy Expenditure During Sub-Maximal Running on a Non-Motorized Treadmill*, 25 J. STRENGTH & CONDITIONING RESEARCH, Mar. 2011, at 54. A true and correct copy of this publication is attached hereto as **Exhibit C**.

- Adam M. Gonzalez, Adam J. Wells, Jay R. Hoffman, Jeffrey R. Stout, Maren S. Fragala, Gerald T. Mangine, William P. McCormack, Jeremy R. Townsend, Adam R. Jajtner, Nadia S. Emerson & Edward H. Robinson IV, *Reliability of the Woodway Curve™ Non-Motorized Treadmill for Assessing Anaerobic Performance*, 12 J. SPORTS SCI. & MED. 104 (2013). A true and correct copy of this publication is attached hereto as **Exhibit D**.

- James M. Smoliga, Eric J. Hegedus & Kevin R. Ford, *Increased Physiologic Intensity During Walking and Running on a Non-Motorized, Curved Treadmill*, 16 PHYSICAL THERAPY IN SPORT 262 (2015). A true and correct copy of this publication is attached hereto as **Exhibit E**.

- Robert B. Edwards, Paul J. Tofari, Stuart J. Cormack & Douglas G. Whyte, *Non-motorized Treadmill Running Is Associated with Higher Cardiometabolic Demands Compared with Overground and Motorized Treadmill Running*, 8 FRONTIERS IN PHYSIOLOGY, Nov. 2017, at 1. A true and correct copy of this publication is attached hereto as **Exhibit F**.

- Patrick P.J.M. Schoenmakers & Kate E. Reed, *The Physiological and Perceptual Demands of Running on a Curved Non-Motorised Treadmill: Implications for Self-Paced Training*, 21 J. SCI. & MED. IN SPORT 1293 (2018). A true and correct copy of this publication is attached hereto as **Exhibit G**.

- Andrew Hatchett, Christie Brewer, Kaitlyn Armstrong & Brian Parr, *Energy Expenditure for Aerobic Exercise on a Curved Non-Motorized Treadmill Versus a Traditional Motorized Treadmill*, 1 ARCHIVES OF PHYSICAL HEALTH & SPORTS MED. 1, 34 (2018). A true and correct copy of this publication is attached hereto as **Exhibit H**.

13. Since at least as early as 2011, Woodway has advertised that users can burn up to "30% more calories" by using a CURVE-branded treadmill than by using a motorized treadmill (the "Energy Claim"), based upon the results of the CURVE Studies. Representative examples of these advertisements, linking the Energy Claim to one or more of the CURVE Treadmills, are attached hereto as **Exhibit I**.

14. The Energy Claim was instrumental to the early success of Woodway's CURVE Treadmills. Proximately due to the acclaim and notoriety generated from the Energy Claim, Woodway has been able to secure partnerships and business from gyms, medical facilities, military groups, rehabilitation centers, and sports teams around the world.

15. Since at least as early as 2012, various agencies and news commentators have published articles, blogs, and posts linking the Energy Claim to Woodway and the CURVE Treadmills. Representative examples of these publications are attached hereto as **Exhibit J**.

## *The Durability Claim*

16. The CURVE Treadmills feature a concave running surface, comprised by a series of connected rubberized slats and ball bearings that minimize friction and wear.

17. Since at least as early as 2012, Woodway has advertised the longevity and durability of the CURVE Treadmills, claiming that the running surface can last "up to 150,000 miles" without the need for substitution or repair (the "Durability Claim"), due to the quality of design and manufacture of its non-motorized, non-electric design—claims that have been substantiated by rigorous testing.  Representative examples of these advertisements, linking Woodway to the Durability Claim, are attached hereto as **Exhibit K**.  These Durability Claims have added to the strength, fame and notoriety of Woodway and its treadmill products, including the CURVE treadmills.

18. Since at least as early as 2014, various entities, including authorized third-party retailers and distributors of the CURVE Treadmills, have published reports, reviews, and product spotlights that connect Woodway's CURVE Treadmills with the Durability Claim.  Representative examples of these publications are attached hereto as **Exhibit L**.

## *Defendant's Activities*

19. Upon information and belief, Defendant imports, advertises, and sells manually operated treadmills directly in and through U.S. commerce.

20. Upon information and belief, Defendant is engaged in a commercial relationship with the gym equipment supplier IronCompany.com, LLC d/b/a IRON MOUNTAIN (collectively, "Iron Mountain"), through whom Defendant distributes and sells its treadmills in and through U.S. commerce.

21. Upon information and belief, Defendant is engaged in a commercial relationship with Wolverson Fitness Ltd. ("Wolverson"), to whom Defendant supplies Defendant's fitness products, including its manually operated treadmills, for sale in the United Kingdom.  Upon information and belief, Defendant has authorized Wolverson as the designated distributor of Assault Fitness products in the United Kingdom.

22. Upon information and belief, since about February 22, 2017, Defendant has imported, advertised, and sold into U.S. commerce various models of its Assault Fitness–branded treadmills, including, but not limited to, the Assault AirRunner, the AssaultRunner Pro, and the AssaultRunner Elite (collectively, the "Assault Treadmills").

23. Beginning at least as early as May 5, 2017, Defendant advertised the Assault AirRunner for sale on its website, <www.assaultfitnessproducts.com>. The product page for the Assault AirRunner included both the Energy Claim and the Durability Claim in the product description. A copy of this product page, dated May 5, 2017, is attached hereto as **Exhibit M**.

24. At least as late as September 30, 2017, Defendant advertised the Assault AirRunner on the landing page for its website, <www.assaultfitness.com>, using the Energy Claim.

25. In the Product Catalog that Defendant distributed to its authorized distributors in at least 2019, Defendant advertised the Assault AirRunner using the Durability Claim. A true and correct copy of this catalog is attached hereto as **Exhibit N**.

26. On information and belief, Defendant has made available for download for its authorized distributors marketing materials for the Assault Treadmills that use the trademark BUILT FOR THE LONG RUN (the "Assault Mark"), the Energy Claim, and the Durability Claim at http://distributor.assaultfitnessproducts.com/. This link remains live and available as of the filing of this Complaint. Upon information and belief, these materials have been accessible, available for download and/or dissemination as of the "Last Modified" dates shown on the document repository, a screenshot of which is attached hereto as **Exhibit O**.

27. On or about March 15, 2021, Defendant introduced for sale in U.S. commerce the AssaultRunner Pro and the AssaultRunner Elite.

28. On or about April 6, 2021, Defendant distributed a "one-sheet" promotional advertisement to its distributors that used the Assault Mark to highlight the longevity of the AssaultRunner Elite. A copy of this advertisement is attached hereto as **Exhibit P**.

29. On or about April 19, 2021, Iron Mountain offered the AssaultRunner Elite to U.S. customers through a designated pre-order page on its website, <www.ironcompany.com>. The "Description" on that pre-order page included an advertisement for the AssaultRunner Elite that included both the Energy Claim and the Durability Claim. A copy of this product page, dated April 19, 2021, is attached hereto as **Exhibit Q**.

30. Presently, or at least as of about October 6, 2024, Iron Mountain offers the AssaultRunner Elite to United States customers through a designated landing page on its website, <www.ironcompany.com>. The "Description" on that landing page includes both the Energy Claim and the Durability Claim. A copy of this landing page, dated October 6, 2024, is attached hereto as **Exhibit R**.

31. Presently, or at least as of about October 6, 2024, Wolverson offers the AssaultRunner Pro to United Kingdom customers through a designated landing page on its website, <www.assault-fitness.co.uk>. The "Features" listed on that landing page include the Energy Claim and the Durability Claim. A copy of this landing page, dated October 6, 2024, is attached hereto as **Exhibit S**.

32. Presently, or at least as of about October 6, 2024, Defendant offers the AssaultRunner Pro directly to U.S. customers through a designated product page on its website, <www.assaultfitness.com>. The "Specifications" on that product page include the Durability Claim. A copy of this product page, dated October 6, 2024, is attached hereto as **Exhibit T**.

33. Presently, or at least as of about October 6, 2024, Defendant offers the AssaultRunner Elite directly to U.S. customers through a designated product page on its website, <www.assaultfitness.com>. That product page uses the Assault Mark to highlight the longevity of the AssaultRunner Elite. A screenshot of Defendant's use of the Assault Mark, dated October 6, 2024, is attached hereto as **Exhibit U**. As aforementioned, a link to Defendant's further use of the Assault Mark—as seen on Exhibit P—remains active as of October 10, 2024.

34. The Woodway Mark is wholly contained within the Assault Mark.

35. Woodway has not authorized, permitted, nor consented to the use of the Assault Mark by Defendant in connection with the Assault Treadmills.

36. Upon information and belief, Defendant has no basis in fact to directly or indirectly promote or advertise the Assault Treadmills using the Energy Claim and/or the Durability Claim.

## COUNT I

## TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114

37. Woodway repeats and realleges each and every allegation contained in paragraphs 1-36, inclusive, as though fully set forth herein.

38. As described above, Woodway's U.S. registration for the Woodway Mark reflects that Woodway is the source of all products advertised, marketed, sold, or used in connection with the Woodway Mark, that Woodway has authorized such products for sale, and that such products satisfy Woodway's rigorous quality control standards.

39. Defendant's use of the Assault Mark in and through U.S. commerce in connection with the sale, offering for sale, distribution, and advertising of the Assault Treadmills is likely to cause confusion, or to cause mistake, or to deceive as to their source, origin, affiliation, or sponsorship.

40. On information and belief, Defendant's use of the Assault Mark in the above-described manner was and is intended to confuse, to cause mistake to, or to deceive consumers into believing—incorrectly—that Woodway has sponsored, endorsed, consented to, or otherwise authorized the use of the Assault Mark by Defendant in connection with the Assault Treadmills. Accordingly, Defendant's unauthorized use of the Assault Mark in the above-described manner is knowing, intentional, willful, or otherwise made with unclean hands.

41. As a direct and proximate result of Defendant's wrongful conduct, Woodway has been damaged in an amount to be determined at trial.

# COUNT II

## FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)

42. Woodway repeats and realleges each and every allegation contained in paragraphs 1-36, inclusive, as though fully set forth herein.

43. Without right, license, or authorization from Woodway and in violation of 15 U.S.C. § 1125(a)(1)(A), Defendant has used and continues to use the Assault Mark, the Energy Claim, and the Durability Claim in connection with the Assault Treadmills to advertise and promote the same in and through U.S. commerce.

44. The Assault Mark, the Energy Claim, and the Durability Claim, as used by Defendant, separately and/or together, in connection with the Assault Treadmills, constitute false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Woodway, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Woodway.

45. Upon information and belief, Defendant's use of the Assault Mark, the Energy Claim, and the Durability Claim has been and continues to be done deliberately, willfully, and in bad faith, or otherwise with unclean hands.

46. Woodway has been, and will continue to be, seriously and irreparably damaged by Defendant's use of the Assault Mark, the Energy Claim, and the Durability Claim, whether separately and/or together, unless Defendant is preliminarily and permanently enjoined from using the Assault Mark, the Energy Claim, and the Durability Claim in whatever forms in and through U.S. commerce in association with the Assault Treadmills or any other current or future products that Defendant may design, manufacture, promote, advertise, or sell.  In addition, by reason of Defendant's actions, Defendant has unlawfully profited, and Woodway has been damaged, in an amount to be determined at trial.

47. Woodway is entitled to Defendant's profits and to recover its damages, its attorneys' fees, costs, and disbursements incident to its claim of statutory false designation of origin.

## COUNT III

## FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)

48. Woodway repeats and realleges each and every allegation contained in paragraphs 1-36, inclusive, as though fully set forth herein.

49. Upon information and belief, Defendant has been or is engaged in an apparent or actual commercial partnership with both Iron Mountain and Wolverson, each of whom have authority to bind one another in transactions with third parties, or exercise joint ownership or control over the Assault Treadmills and the manner and form in which the Assault Treadmills are advertised and sold.

50. Upon information and belief, at all times during the commercial relationships between Defendant and Iron Mountain and Wolverson, Defendant had and continues to have the right and ability to control the manner in which Iron Mountain and Wolverson sell the Assault Treadmills, including, but not limited to, the manner in which Iron Mountain and Wolverson describe the Assault Treadmills at point of sale. Moreover, upon information and belief, at all times during the commercial relationships between Defendant and Iron Mountain and Wolverson, Defendant has provided or supplied to Iron Mountain and Wolverson advertising and promotional materials and copy relating to and describing the Assault Treadmills.

51. Without right, license, or authorization from Woodway and in violation of 15 U.S.C. § 1125(a)(1)(A), Iron Mountain and Wolverson have used and continue to use the Energy Claim and Durability Claim in connection with the Assault Treadmills to advertise, promote, and sell the same in and through U.S. commerce.

52. The Energy Claim and Durability Claim, as used by Iron Mountain and Wolverson in connection with the Assault Treadmills, constitute false designations of origin, false or misleading descriptions of fact, or false or misleading representations of

fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Woodway, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Woodway.

53. By reason of Iron Mountain's and Wolverson's actions, for which Defendant is vicariously liable under 15 U.S.C. § 1125(a)(1)(A), Defendant has unlawfully profited, and Woodway has been damaged, in an amount to be determined at trial.

54. Woodway is entitled to Defendant's profits and to recover its damages, its attorneys' fees, costs, and disbursements incident to its claim of statutory false designation of origin.

## COUNT IV

## FEDERAL FALSE ADVERTISING, 15 U.S.C. § 1125(a)

55. Woodway repeats and realleges each and every allegation contained in paragraphs 1-36, inclusive, as though fully set forth herein.

56. The Assault Mark, the Energy Claim, and the Durability Claim, as used by Defendant separately and/or together in connection with the Assault Treadmills, constitute false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

57. Upon information and belief, Defendant used and continues to use the Assault Mark, the Energy Claim, and the Durability Claim in advertisements and promotions in and through U.S. commerce to influence consumers to purchase the Assault Treadmills.

58. Woodway has been and is likely to be injured as a result of Defendant's false or misleading representations, whether separately and/or together, in that Woodway has lost and continues to lose sales that it would have otherwise made had Defendant not used the Assault Mark, the Energy Claim, and/or the Durability Claim to misrepresent the nature, characteristics, or qualities of the Assault Treadmills.

-11-

Complaint

59. Woodway is entitled to Defendant's profits and to recover its damages, its attorneys' fees, costs, and disbursements incident to its claim of statutory false advertising.

## COUNT V

## FEDERAL FALSE ADVERTISING, 15 U.S.C. § 1125(a)

60. Woodway repeats and realleges each and every allegation contained in paragraphs 1-36, inclusive, as though fully set forth herein.

61. The Energy Claim and Durability Claim, as used by Iron Mountain and Wolverson in connection with the Assault Treadmills, constitute false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

62. Upon information and belief, Iron Mountain and Wolverson used and continue to use the Energy Claim the Durability Claim in advertisements and promotions in and through U.S. commerce to influence consumers to purchase the Assault Treadmills.

63. Woodway has been and is likely to be injured as a result of Iron Mountain's and Wolverson's false or misleading representations in that Woodway has lost and continues to lose sales that it would have otherwise made had Iron Mountain and/or Wolverson not used the Energy Claim and/or Durability Claim to misrepresent the nature, characteristics, or qualities of the Assault Treadmills.

64. By reason of Iron Mountain's and Wolverson's actions, for which Defendant is vicariously liable under 15 U.S.C. § 1125(a)(1)(B), Defendant has unlawfully profited, and Woodway has been damaged, in an amount to be determined at trial.

65. Woodway is entitled to Defendant's profits and to recover its damages, its attorneys' fees, costs, and disbursements incident to its claim of statutory false advertising.

## COUNT VI

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

66. Woodway repeats and realleges each and every allegation contained in paragraphs 1-65, inclusive, as though fully set forth herein.

67. Woodway made actual use of the Woodway Mark in and through U.S. commerce, and on that basis obtained a U.S. registration for the Woodway Mark, in connection with exercise treadmills prior to any such use of the Woodway Mark (or any similar variation(s) thereof, including the Assault Mark) by Defendant. For the avoidance of doubt, the scope of Woodway's use of the Woodway Mark in the United States and the State of California is not coextensive with the scope of Woodway's registration for the Woodway Mark. Therefore, Woodway's common law rights in the Woodway Mark are not strictly coextensive with the scope of rights granted to Woodway pursuant to its U.S. registration for the Woodway Mark.

68. Defendant's acts constitute trademark infringement of Woodway's trademark rights related to the Woodway Mark in violation of California common law.

69. Defendant's acts have greatly and irreparably damaged Woodway and will continue to do such damage unless restrained by this Court, as Woodway is without an adequate remedy at law. Accordingly, Woodway is entitled to an order enjoining and restraining Defendant from using the Woodway Mark and any confusingly similar variation(s) of the Woodway Mark—including the Assault Mark—and for further damages in an amount to be determined at trial.

70. Upon information and belief, Defendant has engaged in the foregoing conduct deliberately, willfully, and in bad faith, or otherwise with unclean hands, and with reckless disregard for the trademark rights of Woodway, thereby entitling Woodway to an award of exemplary damages in an amount to be determined at trial.

## COUNT VII

**CALIFORNIA UNFAIR COMPETITION, CAL. BUS. & PROFS. CODE § 17200**

71. Woodway repeats and realleges each and every allegation contained in paragraphs 1-65, inclusive, as though fully set forth herein.

72. Defendant's actions complained of constitute unfair and/or unlawful business acts or practices under California Business and Professions Code § 17200.

73. Upon information and belief, Woodway believes that the foregoing unfair conduct is ongoing and that Defendant has engaged in this conduct to further Defendant's own financial gain.

74. Iron Mountain's and Wolverson's actions complained of constitute unfair business acts or practices for which Defendant is vicariously liable under California Business and Professions Code § 17200.

75. Upon information and belief, Woodway believes that the foregoing unfair conduct is ongoing and that Defendant has abetted Iron Mountain's and Wolverson's conduct to further Defendant's own financial gain.

76. Woodway, on behalf of itself and the general public, requests that an injunction issue to enjoin Defendant from continuing its unfair practices.

77. Woodway, on behalf of itself and the general public, requests restitution and disgorgement of Defendant's profits and other ill-gotten gains wrongfully obtained through its unfair and/or unlawful practices.

## COUNT VIII

**CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE § 1770**

78. Woodway repeats and realleges each and every allegation contained in paragraphs 1-65, inclusive, as though fully set forth herein.

79. Upon information and belief, Defendant used and continues to use the Assault Mark, the Energy Claim, and the Durability Claim to represent that the Assault Treadmills have characteristics or benefits that they do not have, in violation of Cal. Civil Code § 1770(a)(5).

80. Upon information and belief, Defendant's use of the Assault Mark, the Energy Claim, and the Durability Claim constitutes a misrepresentation on which consumers have relied and will continue to rely, to Woodway's detriment and injury.

81. Woodway has been and is likely to be injured as a result of Defendant's use of the Assault Mark, the Energy Claim, and the Durability Claim in that Woodway has lost and continues to lose sales that it would have otherwise made had Defendant not used the

Assault Mark, the Energy Claim, and the Durability Claim to misrepresent the characteristics or benefits of the Assault Treadmills.

**PRAYER FOR RELIEF**

Wherefore, Woodway respectfully prays for an entry of judgment against Defendant as follows:

A. That Defendant be adjudged to have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

B. That Defendant be adjudged to have engaged in false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

C. That Defendant be adjudged to have engaged in false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

D. That Defendant be adjudged to have engaged in trademark infringement under the common law of California.

E. That Defendant be adjudged to have engaged in unfair and/or unlawful competition in violation of California Business and Professions Code § 17200.

F. That Defendant be adjudged to have engaged in a violation of the California Consumer Legal Remedies Act, Cal. Civil Code § 1770(a)(5).

G. That Defendant's trademark infringement, false designation of origin, and false advertising be adjudged willful and deliberate.

H. For an accounting of all profits of Defendant derived by reason of the acts alleged in this Complaint.

I. For an order compelling Defendant to disgorge the amounts by which it has been unjustly enriched by the acts alleged herein and restitution.

J. For judgment, relief, and requests as set forth in this Complaint.

K. For an award of reasonable attorney's fees, prejudgment interest, and costs of this action.

L. For such other, further, and different relief as the court deems proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Woodway hereby demands a trial by jury of all issues so triable.

DATED:  October 18, 2024

**FOLEY & LARDNER LLP**

/s/ Ashley M. Koley

ASHLEY M. KOLEY, CA Bar No. 334723
  akoley@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KADIE M. JELENCHICK, (*Pro Hac Vice to be filed*)
WI Bar No. 1056506
  kjelenchick@foley.com
**FOLEY & LARDNER LLP**
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202
TELEPHONE: 414.271.2400
FACSIMILE: 414.297.4900

*Attorneys for Plaintiff Woodway USA, Inc.*