UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODWAY USA, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LIFECORE FITNESS, LLC d/b/a ASSAULT FITNESS,<br><br>　　　　　　　　　　Defendant. | Case No.: 24-cv-1936-AGS-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS (ECF 30)** |

After its misrepresentation claims were dismissed, plaintiff Woodway USA repleaded those claims against its competitor defendant LifeCORE Fitness, which goes by its trade name Assault Fitness. Once again, though, these claims are deficient. So Assault Fitness's motion to dismiss is granted.

## BACKGROUND

Both Woodway and Assault Fitness produce "non-motorized exercise treadmills" that have a curved running surface. (ECF 29, at 3.) They both advertise that their treadmills help "burn up to '30% more calories'" than motorized treadmills and "can last 'up to 150,000 miles' without the need for substitution or repair." (*Id.* at 5–6.) Woodway sued Assault Fitness for—among other things—the use of these statements, alleging false designation of origin, false advertising under federal and California law, and various California consumer-law violations. (*See* ECF 1.) After the Court granted Assault Fitness's motion to dismiss these specific claims (ECF 25), Woodway amended its complaint to eliminate all causes of action arising out of Assault Fitness's use of these advertising statements except for two federal false-advertising claims: one arising out of Assault Fitness's use of the advertising statements and one stemming from a third party's use of the statements to advertise Assault Fitness's products. (*See* ECF 29.) Assault Fitness moves to dismiss once again. (ECF 30.)

# DISCUSSION

To survive a motion to dismiss, the complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The Court accepts "the factual allegations in the complaint as true" and construes them "in the light most favorable to the plaintiff." *GP Vincent II v. Estate of Beard*, 68 F.4th 508, 514 (9th Cir. 2023). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Claims sounding in fraud face a higher bar: they "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As noted in the prior dismissal order, Woodway's complaint is subject to this standard. (ECF 25, at 3.) Woodway must therefore plead "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Like last time, Woodway satisfies the who (Assault Fitness), what (caloric-expenditure and durability advertising statements), when (various dates beginning in February 2017), and where (within multiple advertisements) requirements. (*See* ECF 29, at 7–10.) Only the "how" is at issue.

## A. False Advertising

To state a federal false-advertising claim, Woodway must allege, among other things, that Assault Fitness made "a false statement of fact" "in a commercial advertisement." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (cleaned up). Plaintiffs may demonstrate falsity by showing either that (1) "the statement was literally false" or (2) "the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139–40 (9th Cir. 1997). Woodway pleads both theories.

### 1. *Literally False*

Woodway alleges that Assault Fitness's 30%-more-calories and 150,000-miles statements are literally false for one simple reason: "the Assault Treadmills do not cause users to burn up to 30% more calories" and "their running surfaces cannot last up to

150,000 miles." (ECF 29, at 12.) To back up this contention, Woodway claims that "no testing was done to determine that the Assault Treadmills' running surfaces can last up to 150,000 miles" and that Assault Fitness "has no basis in fact to directly or indirectly promote or advertise the Assault Treadmills using" the 30%-more-calories and 150,000-miles statements. (*Id.* at 9–10.) But this claim, grounded in the same assertions, has already been rejected.

As this Court noted in its last motion-to-dismiss order, the "plain language of" the federal false-advertising statute, "which prohibits false rather than unsubstantiated representations, requires that a plaintiff establish not merely that the defendant's claims lack substantiation but also that it is false or deceptive." *U-Haul Int'l v. Jartran, Inc.*, 522 F. Supp. 1238, 1248 (D. Ariz. 1981) (cleaned up); (*see* ECF 25, at 5). Thus, Woodway's claim "cannot prevail because it is a 'lack of substantiation' argument, and a false advertising claim cannot be proved on 'lack of substantiation' grounds." *Caltex Plastics v. Elkay Plastics Co.*, No. 2:12-cv-10033 RSWL (JEMx), 2015 WL 13283255, at *5 (C.D. Cal. Feb. 4, 2015); *see also Sandoz Pharms. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 228 (3d Cir. 1990) ("[P]laintiff bears the burden of showing that a challenged advertisement is false or misleading, not merely that it is unsubstantiated by acceptable tests or other proof." (cleaned up)).

### 2. *Likely to Mislead or Confuse*

Alternatively, Woodway asserts that the advertising statements may be "literally true" but are "likely to mislead, confuse, or deceive a substantial segment of consumers." (ECF 29, at 13.) To prevail under this theory, "a plaintiff must allege that the false advertising relates to the 'nature, characteristic qualities, or geographic origin' of the service." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 360 F. Supp. 3d 1039, 1054 (S.D. Cal. 2019); 15 U.S.C. § 1125(a)(1)(B). Yet Woodway's sole argument is that consumers will be confused due to the "association" of the disputed advertising statements "with Woodway and Woodway's" treadmills. (ECF 29, at 13.) In other words, Woodway argues "false attribution of the *authorship* of" the

1  30%-more-calories and 150,000-miles ideas. *See Baden Sports v. Molten USA, Inc.*,
2  556 F.3d 1300, 1308 (Fed. Cir. 2009) (emphasis added). Woodway's claims thus "do not
3  go to the 'nature, characteristics, or qualities' of the goods, and are therefore not
4  actionable." *See id.* (cleaned up). "To find otherwise, *i.e.*, to allow [Woodway] to proceed
5  with a false advertising claim that is fundamentally about the origin of an idea, is contrary
6  to the Ninth Circuit's interpretation" of Supreme Court caselaw. *See id.*

7  In short, Woodway cannot prevail under either false-advertising theory.

## CONCLUSION

9  Assault Fitness's motion to dismiss is **GRANTED** without leave to amend. *See*
10 *Chodos v. West Publ'g*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has
11 already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to
12 amend is particularly broad." (cleaned up)). Assault Fitness's deadline to respond to the
13 surviving claims is September 30, 2025. The September 12, 2025 hearing is vacated, and
14 the joint motion to continue that hearing (ECF 34) is denied as moot.

15 Dated:  September 8, 2025

_____
Hon. Andrew G. Schopler
United States District Judge